FILED
AUG 31 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br>Donald Bradford Stark, Sr.,<br>Debtor. | Case No. 06-11966-B-7 |
| Barbara Stark, Elizabeth Stark and Susan Tsapanos,<br>Plaintiffs,<br>v.<br>Donald Bradford Stark, Sr.,<br>Defendant. | Adversary Proceeding No. 07-1029<br>DC No. DAK-1 |

**MEMORANDUM DECISION REGARDING MOTION FOR SUMMARY JUDGMENT**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Benjamin E. Hall, Esq., of Dowling, Aaron & Keeler, Inc., appeared on behalf of the plaintiffs, Barbara Stark, Elizabeth Stark and Susan Tsapanos (the "Plaintiffs").

David R. Jenkins, Esq., appeared on behalf of defendant/debtor, Donald Bradford Stark, Sr. (the "Defendant" or "Debtor").

This memorandum decision is intended to supplement the court's oral ruling on the Plaintiffs' Motion for Summary Judgment (the "Motion") made at the hearing on August 8, 2007. It addresses one issue raised by the Defendant which was not fully developed at the hearing, *i.e.*, Defendant's contention that the judgment entered against the Defendant

in the Tulare County Superior Court is void under California Code of Civil Procedure § 580 ("CCP § 580").

The court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§ 523,[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

**Background.**

Virtually every material fact pled in Plaintiffs' first amended complaint was admitted in the Debtor's responsive pleading. The full background of this dispute can be compiled from Plaintiffs' Motion and the Defendant's opposition. Only the pertinent facts will be summarized here.

In a nutshell, from January 1984, to March 2006, the Debtor served as trustee of the Richard E. Stark, Jr., Testamentary Trust (the "Stark Trust"). Plaintiff Barbara Stark is the income beneficiary of the Stark Trust. Plaintiffs Elizabeth Stark and Susan Tsapanos are the successor co-trustees. In January 2006, Barbara Stark filed and served a petition in the probate department of the Tulare County Superior Court to have the Debtor removed as trustee of the Stark Trust (the "Probate Petition"). Barbara Stark also prayed for an accounting, for compensatory damages to the extent of her "loss of income" according to proof, and for punitive damages.

The Probate Petition commenced a civil proceeding against the Debtor under applicable California law (the "Probate Proceeding"). After the initial hearing, on March 6, 2006, the probate court issued an order removing the Debtor as trustee of the Stark Trust and appointing Elizabeth Stark and Susan Tsapanos as successor co-trustees. (Plaintiffs' Exhibit 2.) The probate court also ordered the Debtor to prepare and file an accounting and set a hearing on Barbara Stark's prayer for compensatory and punitive

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

damages.

The Debtor failed to appear or respond to the Probate Petition, and to all of the subsequent proceedings, including the evidentiary hearing ordered by the court. After that hearing, on May 3, 2006, the Plaintiffs received a monetary judgment in excess of $2 million against the Debtor which is the object of this adversary proceeding (the "Judgment"). Specifically, the probate court awarded to Barbara Stark "lost income" in the amount of $137,376 and "exemplary damages" in the amount of $412,128. The probate court also awarded damages to the Stark Trust for "breaches of trust" in the amount of $1,516,000. (Plaintiffs' Exhibits 5 and 6.) The Judgment is supported by findings of fact and conclusions of law (the "Findings and Conclusions") made by the probate court in the form of a document entitled "Order for Surcharge of Former Trustee," also dated May 3, 2006 (Plaintiffs' Exhibit 5; the "Surcharge Order").

In October 2006, after the Plaintiffs began executing the Judgment, the Debtor filed a motion in the Probate Proceeding for relief from the Judgment under California Code of Civil Procedure § 473. The Debtor argued that the Judgment was entered as the result of mistake, inadvertence, surprise or excusable neglect (the "Relief Motion"). On November 14, 2006, the Debtor filed this bankruptcy petition seeking relief under chapter 11. The probate court denied the Relief Motion in an order dated January 8, 2007. The probate court made express findings that the Relief Motion was untimely and that the Debtor failed to show that the Judgment was taken against him as a result of mistake, inadvertence, surprise or excusable neglect. (Plaintiffs' Exhibit 7.)

The Judgment is now final, having failed to survive a journey to the California Court of Appeals. On June 14, 2007, the Fifth District Court of Appeals dismissed the Debtor's appeal "as abandoned." (Plaintiffs' Exhibit 8.) Plaintiffs timely filed this adversary proceeding seeking a determination that the Judgment is nondischargeable under § 523(a)(4) based on the state court's Findings and Conclusions which show that the Debtor committed, *inter alia*, defalcation (misappropriation of trust funds) while acting in a fiduciary capacity (trustee of the Stark Trust).

**Issues Presented.**

The Plaintiffs asked this court to adopt the Findings and Conclusions in support of their nondischargeability claim under the doctrine of collateral estoppel. In response, the Debtor did not contest the Plaintiffs' request for collateral estoppel. He did not challenge the adequacy of any Findings and Conclusions that support the relief requested under § 523(a)(4), and he essentially conceded to the application of collateral estoppel with one exception. The Debtor's opposition to this Motion is focused solely on the Judgment. He argues that the Judgment is void under California law because it was entered by default and because the portion of the Judgment, which adds the Stark Trust as a party and awards damages to the Stark Trust, exceeds the amount of damages originally pled in the Probate Petition (which only prayed for "lost revenue" and punitive damages to Barbara Stark).

Based on the holding in *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119 (9th Cir. 2003), this court ruled orally at the hearing that the Debtor had received actual notice of the Probate Petition and of all matters in the Probate Proceeding and that he had a full and fair opportunity to litigate all claims asserted against him. *Id.* at 1124. For reasons that are not clear from the record, the Debtor simply chose to ignore the Probate Proceeding and failed to appear and defend himself. Even his request for relief from the Judgment, the Relief Motion was found by the probate court to be "untimely." Notwithstanding the professed "default" nature of the Probate Proceeding, I adopted the Findings and Conclusions and ruled in favor of the Plaintiffs. However, my oral ruling did not specifically address the Debtor's contention that the Judgment itself, or some portion of the Judgment, may ultimately be set aside under California law.

**Analysis.**

The Judgment was entered after an evidentiary hearing set by the probate court, and is fully supported by the Findings and Conclusions. The Debtor elected not to appear or participate in the Probate Proceeding and now objects to the Judgment. Citing *Levine*

*v. Smith*, 145 Cal.App.4th 1131, 1137 (2006) and CCP § 580,[2] the Debtor contends that the "default" Judgment is void under California law because it greatly exceeds the amount prayed for in the Probate Petition. Based thereon, the Debtor argues that the Plaintiffs are not entitled to summary judgment in this adversary proceeding as a matter of law. For the numerous reasons set forth below, that argument is rejected.

First, the court notes that the Debtor is seeking now to prosecute a collateral attack on the Judgment. He did not raise the "void" issue in defense of this adversary proceeding and did not seek affirmative relief declaring the Judgment to be void.[3] This issue was raised for the first time in response to Plaintiffs' Motion, so in that regard, the issue was not properly before this court. Plaintiffs suggest in response to the Debtor's "void" argument that CCP § 580 does not apply in probate proceedings; that probate proceedings are governed by their own procedural rules, citing Cal. Prob. Code § 1000 *et seq.* and *Merrill v. Finberg*, 4 Cal.App.4th 1443, 1447 (1992). The court declines to rule here regarding the validity of the Judgment. Neither the Plaintiffs nor the Debtor has properly requested that relief.

Second, the court does not have to rule on the validity of the Judgment in order to determine whether the Plaintiffs' underlying claim is nondischargeable under

---

[2]CCP § 580(a) provides in pertinent part:

> The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115; but in any other case, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. The court may impose liability, regardless of whether the theory upon which liability is sought to be imposed involves legal or equitable principles.

[3]In his Answer to First Amended Complaint, the Debtor admitted all allegations relating to the underlying Probate Proceeding and entry of the Judgment. By way of affirmative defense, the Debtor contested only the finality of the Judgment based on the pending state court appeal. That appeal has now been dismissed and "finality" is no longer an issue.

§ 523(a)(4).[4] Section 523 provides that certain "debts" are excepted from discharge. The term "debt" is defined in § 101(12) as "liability on a claim." The term "claim" means "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." § 101(5)(A). This proceeding under § 523(a)(4) was filed to determine the dischargeablity of a debt, specifically the Debtor's liability to the Plaintiffs. The disputed Judgment in this case is just the "debt instrument." It is the document that liquidates and establishes the "debt" for which the Plaintiffs seek a determination of dischargeability. Even without the Judgment, this court has jurisdiction to determine the dischargeability of an unliquidated debt. See *First Fed. Sav. & Loan Ass'n of Rochester v. Kelley (In re Kelley)*, 163 B.R. 27, 33 (Bankr. E.D.N.Y 1993).

Third, the Judgment is distinct from the Findings and Conclusions which support the Judgment and which clearly establishes that the debt was incurred as a result of defalcation while the Debtor was acting in a fiduciary capacity. § 523(a)(4). The Debtor contends that the Judgment is void, but none of the authorities cited by the Debtor regarding the application of CCP § 580 support the proposition that the Findings and Conclusions, entered after a court ordered evidentiary hearing, are also void.

The probate court issued an order that the Debtor must file an accounting of his actions as Trustee of the Stark Trust, and appear at an evidentiary hearing. (Plaintiffs' Exhibit 2.) The Debtor chose to ignore that order. The Findings and Conclusions were based on "clear and convincing evidence" presented at that hearing.

Fourth, assuming, arguendo, that this court had agreed with the Debtor and

---

[4]§ 523(a)(4) provides in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

. . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

determined the Judgment to be void under state law, that would not have prevented this court from giving full effect, through the doctrine of collateral estoppel, to the Findings and Conclusions in the Surcharge Order. The Findings and Conclusions establish the amount of the debt and the legal basis for that liability. This adversary proceeding is a core proceeding over which this court has original jurisdiction. 28 U.S.C. § 157(b)(2)(I). Had there been no Judgment, this court has the jurisdiction to enter its own judgment liquidating the debt in the context of this dischargeability action. *Cowan v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997).

The Plaintiffs did not ask this court to enter a judgment on the Debtor's underlying liability because that "debt" was already established in the Judgment. However, had the Debtor timely and properly raised and proved the "void" defense, this court would have entertained, and probably granted, a motion by the Plaintiffs to amend their pleadings and enter a new judgment in their favor. Based on the possibility that some court of competent jurisdiction may, in the future, make a determination that the Judgment is void, this court will reserve jurisdiction to entertain further proceedings for the entry of a new judgment, which will have the same effect as my ruling today.

Based on the probate court's Findings and Conclusions, there is no triable issue of material fact that the Debtor has a liability to the Plaintiffs, and that the "debt" is nondischargeable under § 523(a)(4). The manner in which the debt is ultimately documented, whether by the purportedly "void" Judgment, or by a new judgment entered in this or another court, is really immaterial to the relief requested in this adversary proceeding.

Fifth, the possibility that the Judgment may ultimately be set aside does not preclude the application of collateral estoppel to the Findings and Conclusions for purposes of this adversary proceeding. The bankruptcy court must follow the state's laws of issue preclusion in a dischargeability action. *Cantrell* 329 F.3d at 1123. One requirement under California law for the application of collateral estoppel, which the Debtor did not contest, is that the decision in the former proceeding be final and on the

merits. *Id.* The Probate Proceeding, and the resulting Judgment, are now "final" for that purpose even though the Judgment may yet be subject to collateral attack on procedural grounds. The Debtor's own authority, *Levine*, illustrates that a potentially void judgment may not be collaterally attacked in another court until it is a "final" judgment in the originating court. 145 Cal.App.4th at 1134-35.

The court's conclusion here is supported by another case, *Greenup v. Rodman*, 42 Cal. 3d 822 (1986), which the Debtor cites to illustrate that a default judgment for compensatory damages, entered as a discovery sanction, must also comply with CCP § 580. In *Greenup*, the California Supreme Court did not declare the entire judgment to be void; it simply ordered that the judgment be reduced to the minimum jurisdictional amount of compensatory damages pled in the complaint. *Id.* at 829-30. Based on the holding in *Greenup*, this court is not persuaded that the entire Judgment would be determined to be void, even if it were collaterally attacked in a subsequent proceeding. The Debtor contests the portion of the Judgment that awards compensatory damages in favor of the Stark Trust. If the Judgment is just subject to partial avoidance under CCP § 580, there is no reason why its dischargeability could not be determined in this proceeding based on the Findings and Conclusions. If all or some portion of the Judgment is ultimately determined to be unenforceable, then its dischargeability will become meaningless.

Further, the Debtor has already failed twice in an effort to have the Judgment set aside in the state court. The Debtor unsuccessfully appealed the Judgment to the Fifth District Court of Appeals. That appeal was apparently abandoned by the Debtor. Before seeking bankruptcy protection, the Debtor filed the Relief Motion in the probate court seeking to vacate the Judgment on procedural grounds. That motion was denied in a ruling dated January 8, 2007. (Plaintiffs' Exhibit 7.) In that ruling, the state court found "[t]he moving party did not make a sufficient showing that the judgment was taken against him as a result of mistake, inadvertence, surprise or excusable neglect." The Debtor's "void" defense raised here for the first time represents the proverbial "second

bite at the apple."[5] The Debtor has unsuccessfully attempted to collaterally attack the Judgment in the same court in which the Judgment was originally entered. The Relief Motion was soundly rejected in a separate order and that order is now a final ruling. The Full Faith and Credit principles of 28 U.S.C. § 1738 require this court to give effect to that ruling as well.

Finally, it is not clear to this court that CCP § 580 even applies here. It limits the relief which can be granted in a civil action governed by CCP § 580, when there is no responsive pleading. However, some California courts, interpreting CCP § 580, have held that a court may enter any form of relief supported by the evidence after a trial on the merits as to which the parties were on notice. See *American Motorists Ins. Co. v. Cowan*, 127 Cal.App.3d 875, 883 (1982) (holding that the imposition of a constructive trust, not requested in the complaint, was not void when entered after a noticed trial on the merits). Here, the Judgment was entered after an evidentiary hearing which was specially ordered by the probate court. The Debtor had notice of the hearing. He was ordered to appear at the evidentiary hearing, but he elected to not appear or participate in the Probate Proceeding in any way.

**Conclusion.**

The Plaintiffs' motion for summary judgment on the first claim for relief will be granted. The court is persuaded that the debt established in the Judgment constitutes a nondischargeable debt under § 523(a)(4). In the event that the Judgment is ever determined to be void under California law, then this court reserves jurisdiction to enter a new judgment in this adversary proceeding, in favor of the Plaintiffs, based on the state court's Findings and Conclusions.

/ / /

/ / /

---

[5]At oral argument, the Debtor's counsel acknowledged that the Debtor did not raise the "void" issue in the Relief Motion.

By stipulation of the parties after oral argument, the second claim for relief in this adversary proceeding will be dismissed. The third claim for relief was previously dismissed at a status conference by a minute order entered on April 27, 2007.

Dated: August 31, 2007

W. Richard Lee
United States Bankruptcy Judge